Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| B BILLBOARD NC, LLC<br><br>Recurrente<br><br>v.<br><br>HELLO MEDIA, LLC<br><br>Recurrida<br><br>OFICINA DE GERENCIA DE PERMISOS DEL DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO<br><br>Agencia Recurrida | KLRA202400526 | Revisión Judicial Procedente de la OFICINA DE GERENCIA DE PERMISOS DEL DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO<br><br>Núm. caso ante OGPe: 2023-480004-PCOC-040030<br><br>Sol. Intervención núm.: 2024-SIN-300221<br><br>Sobre: Solicitud de Intervención |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2024.

El 23 de septiembre de 2024, B BillBoard NC, LLC (en adelante, la recurrente) sometió ante la consideración de este Tribunal de Apelaciones un *Recurso de Revisión Judicial*. En esta, nos solicitó la revocación de la *Resolución sobre Solicitud de Intervención* emitida por la Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio (en adelante, la agencia recurrida) con fecha del 22 de agosto de 2024.

Evaluado el legajo apelativo, por las razones que más adelante esbozaremos, **desestimamos** el recurso de epígrafe. Veamos porqué.

**-I-**

Según expone la recurrente en su recurso, el 12 de octubre de 2023, Hello Media, LLC (en adelante, Hello Media) sometió ante la agencia recurrida una *Solicitud de Permiso de Construcción* para la construcción de un anuncio de publicidad de 11'x 36', de dos lados, uno con pantalla digital y

Número Identificador

SEN2024 _____

el otro con anuncio fijo, con una altura de 60 pies sobre el suelo. A esta petición se le asignó el número de caso 2023-480004-PCOC-040030.

El 20 de junio de 2024, la recurrente presentó en el caso una *Solicitud de Intervención*. Según allí señaló, posee un interés personal y propietario de alto nivel y consideración que debe salvaguardar mediante intervención, pues "la empresa que propone la construcción mediante solicitud de permiso enmendado para obra no exenta pretende obtener el mismo de forma certificada, es decir ministerialmente, a pesar de que el permiso es para la construcción propuesta de una valla publicitaria digital que queda a una distancia muy cercana de una salida o entrada de la carretera PR Número 2, conocida como la Carr. José Joaquín "Yiye" Avila, perteneciente al sistema nacional de vías, de la National Highway System, la cual se extiende por 138.39 iniciando en la PR-1."

En cuanto al referido escrito, el 22 de agosto de 2024, la agencia recurrida emitió resolución en la que, tras incorporar la solicitud de intervención de la recurrente, así como el derecho aplicable, la declaró No Ha Lugar. Al así hacerlo, la agencia enunció como a continuación transcribimos:

**ACUERDO**

Luego de evaluada la solicitud presentada, la misma se declara NO HA LUGAR. La solicitud de intervención solicitada no procede ya que el permiso para la cual fue solicitada la intervención ya fue expedido. En la actualidad no existe proceso adjudicativo alguno relacionado a los permisos de autos, por lo que dicha solicitud se ha tornado académica.

Asimismo, se hace constar que, según los documentos que obran en el expediente, la Peticionaria debió utilizar el mecanismo de Solicitud de Querella (SRQ) de manera que la Junta de Planificación pueda llevar a cabo la investigación correspondiente, o en su defecto utilizar los mecanismos judiciales que provee la Ley Núm. 161-2009.

En desacuerdo con ello, la recurrente instó el recurso de epígrafe y señaló la comisión de los siguientes errores:

PRIMER SEÑALAMIENTO: ERRÓ LA HONORABLE OFICINA DE GERENCIA DE PERMISOS AL OTORGAR UN PERMISO DE CONSTRUCCÓN PARA EL CUAL PENDÍA UNA SOLICITUD DE

INTERVENCIÓN SIN <u>ANTES</u> ADJUDICAR LA SOLICITUD DE INTERVENCIÓN.

SEGUNDO SEÑALAMIENTO: ERRÓ LA HONORABLE OFICINA DE GERENCIA DE PERMISOS AL DENEGAR LA SOLICITUD DE INTERVENCIÓN DE LA RECURRENTE BAJO LA PREMISA DE QUE YA SE HABÍA EXPEDIDO EL PERMISO Y NO HABÍA UN PROCESO ADJUDICATIVO INICIADO CUANDO PRECISAMENTE LA REVISIÓN ADMINISTRATIVA SOLO PODÍA SOLICITARSE POR UNA PARTE RECONOCIDA COMO TAL MEDIANTE LA INTERVENCIÓN INCOADA CUYA ADJUDICACIÓN FUE APLAZADA.

Atendido el recurso, el 24 de septiembre de 2024, emitimos *Resolución* en la que ordenamos a las partes recurridas a comparecer dentro del término dispuesto en nuestro Reglamento, haciéndoles la advertencia que, de así no hacerlo, dispondríamos del recurso sin el beneficio de su comparecencia. Así, el 15 de octubre de 2024, la agencia recurrida sometió *Alegato de la Oficina de Gerencia de Permisos al Recurso de Revisión Judicial*. El 22 de octubre de 2024, Hello Media sometió *Moción de Desestimación*. Dos días luego, mediante *Resolución* emitida concedimos a la recurrente hasta el 28 de octubre de 2024, para expresarse en cuanto a este escrito. En cumplimiento con ello, en esa fecha la recurrente sometió *Réplica a Moción de Desestimación*.

Evaluados ambos escritos, el 31 de octubre de 2024, declaramos No Ha Lugar la desestimación solicitada por Hello Media, ordenándole a presentar su posición en o antes del 8 de noviembre del año en curso. Ese día, así lo hizo. Por consiguiente, damos por sometido el asunto y procedemos a resolver.

**-I-**

*A.*

La Sección 4.2 de la Ley 38-2017,[1] , dispone lo concerniente al término disponible para acudir en revisión judicial de una resolución final administrativa. Así, la aludida sección dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos

---

[1] 3 LPRA Sec. 9672

por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.
[…]

Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa, sea esta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley.

*B.*

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. Hernández, Santa v. Srio. de Hacienda, 208 DPR 727,738 (2022) y casos allí citados. Como elemento necesario para la adjudicación debida de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de evaluar la legitimación activa de quienes acuden a su auxilio. *Íd.*, al citar a Hernández Torres v. Gobernador, 129 DPR 824, 835 (1992).

La legitimación activa se define como la capacidad que se requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante. Hernández, Santa v. Srio. de Hacienda, *supra*. Al amparo de la doctrina de legitimación activa, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético;

(3) existe una conexión entre el daño sufrido y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución o de una ley. *Íd.*, y casos allí citados.

En aquellas circunstancias en las que se trate de una acción en contra de las agencias y de los funcionarios gubernamentales, estos criterios deben interpretarse de manera flexible y liberal para la parte promovente del pleito. No obstante, dicha flexibilidad no implica que " 'la puerta está abierta de par en par para la consideración de cualquier caso que desee incoar cualquier ciudadano en alegada protección de una política pública. *Íd*.

**-III-**

Mediante la discusión conjunta de los errores señalados, la recurrente expone que su solicitud para intervenir en el proceso debió atenderse antes de que el permiso solicitado por Hello Media fuera concedido. Asimismo, argumenta que ante la acción de la agencia recurrida de expedir tal permiso sin antes atender su solicitud de intervención justifica que dejemos sin efecto la notificación del permiso efectuada y le ordenemos a esta atender a tiempo su solicitud de intervención. Con tales fines, y como fundamento a su planteamiento, cita varias decisiones emitidas por este Tribunal de Apelaciones en cuanto a la resolución de una intervención previo a la expedición del correspondiente permiso.

La agencia recurrida, al comparecer a defenderse, nos invita a evaluar las circunstancias particulares del caso. Así, y en virtud de la totalidad de estas, reclama que, contrario a lo que alega la recurrente, su actuación fue una justa, balanceada, razonable y apoyada en el derecho, los intereses de las partes y la jurisprudencia, por lo que merece nuestra deferencia. De igual forma, y como parte de los argumentos sometidos, la agencia recurrida expone que " […] la pretensión de las Recurrentes de dejar sin efecto la expedición de un permiso a través de una nueva

notificación, para que la agencia resuelva que si son interventores, resulta altamente improcedente al proceso, pues esto no implicaría una variación en la determinación de la agencia a un permiso certificado donde de conformidad con la Ley Núm. 161 y la Ley de Certificación, una vez validada la solicitud la OGPe tenía que expedir el correspondiente permiso basándose en el cumplimiento en la certificación sometida por el ingeniero o arquitecto donde su responsabilidad profesional establece que se cumplen con todos los requisitos legales y reglamentarios aplicables a la solicitud. Sin embargo, tal pretensión si atenta contra la política pública establecida en las citadas leyes, que buscan la rápida expedición de los asuntos."

Similar argumento al antes transcrito expone Hello Media. En su *Oposición a Recurso de Revisión Administrativa* establece que mediante el recurso de revisión de epígrafe la recurrente pretende que se deje sin efecto una determinación que es final y firme.[2] De otra parte, reclama que la recurrente no cuenta con legitimación activa en cuanto al asunto en controversia, por lo que el asunto traído ante nuestra consideración no es justiciable. Así, específicamente indica que "[d]e un examen del escrito de revisión judicial presentado por la Recurrente surge que esta no incluyó ni una sola alegación de hecho para que este Honorable Tribunal de Apelaciones pueda descargar su responsabilidad de determinar si en efecto es una parte "adversamente afectada". También, expone que "[n]o existe una sola alegación que permita establecer el daño específico que sufre o

---

[2] Si bien la desestimación del recurso que hoy hacemos se debe a que la recurrente falló en establecer ante nos su legitimación activa, nos parece meritorio añadir que estimamos certero y correcto el planteamiento de Hello Media sobre la finalidad de la determinación recurrida y la falta de jurisdicción de este Tribunal de Apelaciones que la misma causa. La concesión del permiso fue emitida el 15 de julio del año en curso. Por tanto, y conforme la Sección 4.2 de la Ley 38-2017, mejor conocida por Ley de Procedimientos Administrativos Uniformes de Puerto Rico o LPAU, cualquier parte adversamente afectada por esta contaba con treinta días para solicitar revisión judicial ante este Tribunal de Apelaciones. Nadie acudió a impugnar tal concesión, por lo que, a la fecha en que se instó el recurso, ya había advenido final y firme.

pretende evitar el opositor recurrente con su participación en este caso." Coincidimos.

Como ya mencionamos, en su recurso de revisión judicial la recurrente argumenta que la agencia recurrida estaba impedida de emitir el permiso expedido sin antes resolver su solicitud de intervención. No obstante, al acudir ante nos falló en incluir argumentos mediante los que nos permita constatar que es una parte adversamente afectada por la decisión que impugna, pues no expuso un daño particular y concreto.[3]

Quien pretenda mover la maquinaria judicial para que el tribunal revise una determinación de una agencia, "tiene el peso de probar su legitimación **en todas las etapa**s." Muns. Aguada y Aguadilla v. JCA, 190 DPR 122, 135-136 (2014) (Énfasis suplido). La ausencia de argumentos específicos por parte de la recurrente ante este Tribunal de Apelaciones causa que la recurrente no haya establecido su legitimación activa para acudir ante nos. Habida cuenta de ello, carecemos de jurisdicción para atender el recurso de epígrafe, debiéndose desestimar el mismo.

**-IV-**

Por las razones aquí brindadas, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] A nuestro juicio, la recurrente tampoco demostró ante la agencia recurrida tener legitimación activa de forma tal que su solicitud de intervención debiera concederse. Ello así, pues más allá de alegar escuetamente en su petición de intervención el tener "un interés propietario y personal", la recurrente no detalló de forma específica la naturaleza de tales intereses. Tampoco expuso, cómo se vería adversamente afectado por la determinación administrativa, de forma que pudiera establecerse su legitimación activa. En virtud del alegado interés, la recurrente cuestionó el método utilizado por la parte recurrida para obtener el permiso. Según la propia agencia señaló en su *Resolución* del 22 de agosto de 2024, la intervención no era el instrumento adecuado, debiéndose haber presentado en su lugar una Solicitud de Querella. Este vehículo en particular, conforme definido por la propia Ley 161-2009, es la reclamación que alega violación de ley o reglamento. Véase, inciso 69 del Artículo 1.5 (Definiciones) de la Ley 161-2009, 23 LPRA Sec. 9011.